UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

CHRISTINA L. FACCI-BRAHLER,

                              Plaintiff,

    -against-                                   1:18-CV-0941 (LEK/ATB)

MONTGOMERY COUNTY, *et al.*,

                              Defendants.

## MEMORANDUM-DECISION AND ORDER

**I.    INTRODUCTION**

Plaintiff Christina Facci-Brahler has filed this civil rights action pursuant to 42 U.S.C. § 1983 and related state law against Montgomery County (the "County"), Montgomery County Sheriff Michael J. Amato, and Under Sheriff Justin Cramer (collectively, "Defendants"). Dkt. No. 1 ("Complaint") ¶¶ 1, 10–11.

Plaintiff asserts seven causes of action against all Defendants, including: (1) equal-protection claims under the Fourteenth Amendment; (2) equal-protection claims under Art. I, § 11 of the New York State Constitution; (3) discrimination and retaliation claims under the New York State Human Rights Law, N.Y. Exec. Law § 296 ("NYSHRL"); (4) malicious-prosecution claims under the Fourth and Fourteenth Amendments; (5); malicious-prosecution claims under Art. I, § 6 of the New York State Constitution; (6) malicious-prosecution claims under New York State common law; and (7) due-process claims under the Fifth and Fourteenth Amendments. Id. ¶¶ 68–81. Plaintiff also brings claims of negligence against the County and Amato under New York State common law. Id. ¶¶ 81–83.

Presently before the Court is Defendants' motion to dismiss each claim pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted. Dkt. Nos. 9 ("Motion to Dismiss"); 9-9 ("Defendants' Memorandum"). Plaintiff opposes Defendants' Motion to Dismiss, Dkt. No. 14 ("Response"), and Defendants have filed a reply, Dkt. No. 16 ("Reply").

For the following reasons, the Motion to Dismiss is granted.

## II. BACKGROUND

The Court draws all facts, which are assumed to be true, from the Complaint. Bryant v. N.Y. State Educ. Dep't, 692 F.3d 202, 210 (2d Cir. 2012).

Plaintiff is a "disabl[ed]," African American, Latina female who was employed as a correction officer in the Montgomery County Correctional Facility ("Montgomery Cty. C. F.") from June 2008 until 2017. Compl. ¶¶ 15, 19–20. During that time, she was regularly subjected to harassment and discriminatory treatment by "some co-workers." Id. ¶ 21. The harassment took the form of on-the-job racial, ethnic, and gender-based comments made by co-workers. Id. Specific instances of such harassment included the posting of break room cartoons with racist stereotypes, such as images purporting to correlate Puerto Ricans and food stamps, while another instance involved a co-worker telling Plaintiff that Puerto Ricans "can't be trusted" and that they "always bring in contraband." Id. Another co-worker expressed to Plaintiff that she should buy a "pink thong" and followed up with asking Plaintiff if she ever "f–ked around" on her husband. Id. Additionally, Plaintiff was denied equal access to preferred job assignments and to training opportunities. Id. ¶ 22. On numerous occasions, Plaintiff complained about her discriminatory

treatment to supervisors, including Amato. Id. ¶ 23. However, the complaints were not taken seriously. Id. ¶ 24.

Despite efforts to correct the situation by filing complaints with the Equal Employment Opportunity Commission ("EEOC") and the New York State Division of Human Rights ("NYSDHR") in 2010 (the "2010 Complaints"), the treatment persisted. Id. ¶¶ 23, 26–28, 32–34. NYSDHR conducted an investigation, in which Amato, among others, was required to appear and respond to Plaintiff's claims. Id. ¶ 29. For reasons not identified in the Complaint, the filings with the EEOC and Division of Human Rights were ultimately dismissed. Id. ¶ 31. As a result of the investigation, Plaintiff alleges that Defendants were displeased with her decision to file the 2010 Complaints and engaged in retaliatory behavior, culminating in criminal charges and her subsequent arrest in 2016. Id. ¶¶ 32–35, 40.

On May 16, 2016, Plaintiff was arrested and charged by Cramer with promoting prison contraband in the second degree for allegedly possessing her cell phone inside the Montgomery Cty. C. F. Id. ¶¶ 36–37, 40. This occurred even though "many officers, officials and employees of the County regularly possessed their personal cell phones while on duty and inside of [the Montgomery Cty. C. F.][,]" and no white, male, non-disabled officer, official, or employee had ever been arrested for such conduct. Id. ¶¶ 49–50, 52–53. Cramer commenced the action against Plaintiff with the knowledge and consent of Amato and the County. Id. ¶¶ 37–38. Plaintiff was briefly held in custody, fingerprinted, and photographed. Id. ¶ 40. The case against Plaintiff was ultimately dismissed. Id. ¶ 47. However, as a consequence of the charge, arrest, and subsequent prosecution, Plaintiff was terminated from her employment as a correction officer. Id. ¶ 56. As a result, Plaintiff asserts she suffered severe and debilitating psychological and emotional pain and

suffering as well as other injuries and damages, including lost wages, medical bills, and legal fees. Id. ¶ 67. Plaintiff further alleges that her liberty was constrained and infringed upon from May 16, 2016 until May 18, 2017 (i.e., the entire period of time the charges were pending). Id. ¶ 46.

Plaintiff requests $1,000,000 in compensatory damages, $100,000 in punitive damages from each of Amato and Cramer, court costs, and attorneys' fees. Id. at 16.

## III. LEGAL STANDARD

To survive a motion to dismiss under Rule 12(b)(6), "a complaint must contain sufficient factual matter . . . 'to state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). The plausibility standard "asks for more than a sheer possibility that a defendant has acted unlawfully." Id. at 678 (citing Twombly, 550 U.S. at 556). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. Put another way, a claim is plausible if it is supported by "enough fact[s] to raise a reasonable expectation that discovery will reveal evidence of [the alleged misconduct]." Twombly, 550 U.S. at 556. In assessing whether this standard has been met, courts "must accept all allegations in the complaint as true and draw all inferences in the light most favorable to the non-moving party[] . . . ." In re NYSE Specialists Sec. Litig., 503 F.3d 89, 95 (2d Cir. 2007) (internal citation omitted).

## IV. DISCUSSION

### A. Consideration of Materials Outside of the Pleadings

In support of Defendants' Motion to Dismiss, Defendants' attorney, Shawn F. Brousseau, has submitted an affidavit and documentary evidence. Dkt. Nos. 9-1 to 9-8. As noted by another court in this circuit:

> Ordinarily, a court may not look beyond the four corners of the complaint in considering a motion to dismiss. See Friedl v. City of New York, 210 F.3d 79, 83 (2d Cir. 2000). "However, a court may convert a motion to dismiss into a motion for summary judgment by considering extrinsic evidence, as long as the opposing party receives sufficient notice and an opportunity to respond." Mayo v. Federal Government, ⎯⎯ Fed.Appx. ⎯⎯, 2014 WL 928999, at *1 (2d Cir. 2014) (citing Hernandez v. Coffey, 582 F.3d 303, 307–08 (2d Cir. 2009)).

Rath v. Pitcher, No. 12-CV-6543L, 2014 WL 1315413, at *1 (W.D.N.Y. Mar. 28, 2014); see also Fed. R. Civ. P. 12(d).

The Court need not consider Defendants' proffer of evidence extrinsic to the Complaint because, as discussed further below, the Court finds Plaintiff's allegations insufficient to support her claims. Hence, the Court will "exclude the additional material and decide the motion on the complaint alone." See Friedl, 210 F.3d at 83.

### B. Equal-Protection Claims Under the Fourteenth Amendment

Defendants argue that Plaintiff's allegations of equal-protection violations are too threadbare to support her claims because she does not identify any specific correction officers who were treated differently from her. Defs.' Mem. at 6–7. The Court agrees.

The Equal Protection Clause of the Fourteenth Amendment requires that the government treat all similarly-situated people alike. City of Cleburne, Tex. v. Cleburne Living Ctr., 473 U.S.

5

432, 439 (1985). Specifically, the Equal Protection Clause "bars the government from selective adverse treatment of individuals compared with other similarly situated individuals if 'such selective treatment was based on impermissible considerations such as race, religion, intent to inhibit or punish the exercise of constitutional rights, or malicious or bad faith intent to injure a person.'" Bizzarro v. Miranda, 394 F.3d 82, 86 (2d Cir. 2005) (quoting LeClair v. Saunders, 627 F.2d 606, 609–10 (2d Cir. 1980)). To state a viable claim for denial of equal protection, a plaintiff generally must allege "purposeful discrimination . . . directed at an identifiable or suspect class." Giano v. Senkowski, 54 F.3d 1050, 1057 (2d Cir. 1995). "[P]urposeful discrimination requires more than intent as volition or intent as awareness of consequences. It instead involves a decisionmaker's undertaking a course of action because of, not merely in spite of, [the action's] adverse effects upon an identifiable group." Mitchell on behalf of J.C.M. v. City of Poughkeepsie Sch. Dist., No. 19-CV-3879, 2019 WL 3080835, at *3 (S.D.N.Y. July 12, 2019) (quoting Turkmen v. Hasty, 789 F.3d 218, 252 (2d Cir. 2015), rev'd and vacated in part on other grounds sub nom. Ziglar v. Abbasi, 137 S. Ct. 1843 (2017)). In the alternative, under a "class of one" theory, a plaintiff must allege that she has been intentionally treated differently from others similarly situated, with no rational basis for the difference in treatment. Village of Willowbrook v. Olech, 528 U.S. 562, 564 (2000); DeMuria v. Hawkes, 328 F.3d 704, 706 (2d Cir. 2003).

Plaintiff avers that Defendants, by arresting and prosecuting Plaintiff for possessing a cell phone within the Montgomery Cty. C. F., purposefully discriminated against her in retaliation for engaging in protected activity and as a disabled, a non-white, and female correction officer. See Compl. ¶¶ 49–53. As an initial matter, the Second Circuit "disallows a retaliation claim based on the Equal Protection Clause." Hickey v. Myers, No. 09-CV-1307, 2010 WL 786459, at *2

6

(N.D.N.Y. Mar. 2, 2010) (citing Bernheim v. Litt, 79 F.3d 318, 323 (2d Cir. 1996)). Moreover, "[d]isability and/or perceived disability are not suspect or quasi-suspect classifications." Kaiser v. Highland Cent. Sch. Dist., No. 08-CV-436, 2008 WL 5157450, at *2 (N.D.N.Y. Dec. 8, 2008) (Kahn, J.). While race and gender are suspect classes for the purposes of an equal-protection claim, Awad v. Semple, No. 18-CV-2008, 2019 WL 1922294, at *3 (D. Conn. Apr. 29, 2019) (citing Winston v. City of Syracuse, 887 F.3d 553, 560 (2d Cir. 2018)), Plaintiff has not alleged facts suggesting Defendants "purposefully discriminated against the plaintiff because of her membership" in those protected classes. See Mitchell on behalf of J.C.M., 2019 WL 3080835, at *3. Although unidentified co-workers may have made inappropriate statements to Plaintiff regarding her race and gender, Compl. ¶ 21, those statements alone do not suggest Defendants arrested Plaintiff because she is a non-white and female correction officer. None of Plaintiffs other allegations suggest Defendants purposefully discriminated against Plaintiff by arresting and prosecuting her. Even if "many officers, officials and employees of the County regularly possessed their personal cell phones while on duty and inside of [the Montgomery Cty. C. F.][,]" and no white and male officer, official, or employee had ever been arrested for such conduct, id. ¶¶ 49–50, 52, these allegations indicate that Defendants may have wanted to make an example out of Plaintiff to discourage other employees of the correctional facility from violating prison regulations.

Plaintiff alleges under a "class of one" theory that Defendants intentionally treated her differently than "other similarly situated employees." Compl. ¶ 48. Yet as Plaintiff "does not identify any similarly-situated individuals . . . let alone any similarly-situated individuals that were treated differently," Plaintiff's class-of-one claim must fail. See Jenn-Ching Luo v. Baldwin

7

Union Free Sch. Dist., No. 12-CV-6054, 2013 WL 4719090, at *5 (E.D.N.Y. Sept. 3, 2013). And even if Plaintiff had identified such employees, the Court must dismiss Plaintiff's class-of-one claim because "the Equal Protection Clause does not apply to a public employee asserting a violation of the Equal Protection Clause under a 'class of one' theory." See Kaiser, 2008 WL 5157450, at *2 (citing Engquist v. Oregon Dep't of Agriculture, 553 U.S. 591 (2008)).

In sum, the Court dismisses Plaintiff's equal-protection claims under the Fourteenth Amendment for failure to state a claim.

### C. Equal-Protection Claims Under the N.Y. Constitution

As noted by another court in this circuit:

> Article I, Section 11 of the New York State Constitution provides that '[n]o person shall be denied the equal protection of the laws of this state or any subdivision thereof.' N.Y. Const., art. I, § 11. Like its federal counterpart, it 'commands that persons similarly situated should be treated alike[.]' Walton v. N.Y. State Dep't of Corr., 13 N.Y.3d 475, 492, 893 N.Y.S.2d 453, 921 N.E.2d 145 (2009) (internal quotation marks and citation omitted).

Sullivan v. City of New York, No. 17-CV-3779, 2018 WL 3368706, at *19 (S.D.N.Y. July 10, 2018).

"The New York Court of Appeals has recognized that a plaintiff may bring constitutional tort claims for damages independent of a common law cause of action. However, this claim is a narrow remedy available only when there is no alternative remedy, such as actions at common law or under Section 1983." Edrei v. City of New York, 254 F. Supp. 3d 565, 583 (S.D.N.Y. 2017) (internal citations and quotation marks omitted), aff'd sub nom. Edrei v. Maguire, 892 F.3d 525 (2d Cir. 2018), cert. denied, 139 S. Ct. 2614 (2019).

8

Even assuming at this stage that Plaintiff has no alternative remedy for her equal-protection claims, Plaintiff has failed to adequately plead a claim under Art. I, § 11 of the New York State Constitution. In Sullivan, the court dismissed a similar claim in part "[b]ecause of the paucity of Plaintiff's factual allegations suggestive of racial discrimination." Sullivan, 2018 WL 3368706, at *20. Similar to Sullivan, and as discussed above, Plaintiff has not sufficiently alleged Defendants intentionally discriminated against her. Nor has Plaintiff identified similarly-situated individuals with whom she was comparatively treated differently. Thus, Plaintiff's equal-protection claims under the New York State Constitution must be dismissed for failing to state a claim.

**D. Discrimination Claims under the NYSHRL**

Defendants argue that Plaintiff "has failed to plead any facts that would create an inference that" Defendants discriminated against Plaintiff based on her race, gender, and disability. Defs.' Mem. at 12–13. The Court agrees.

First, Plaintiff has not shown that her race or her gender was plausibly a motivating factor behind the adverse employment actions she purportedly suffered: hostile-work environment and termination from her job. Compl. ¶¶ 34, 56. "New York courts require the same standard of proof for claims brought under the NY[S]HRL as for those brought under Title VII . . . ." Leopold v. Baccarat, Inc., 174 F.3d 261, 264 (2d Cir. 1999). As another court in this circuit has observed:

> A plaintiff asserting a Title VII discrimination claim must allege facts showing that (1) the employer took adverse action against her and (2) her race, color, religion, sex, or national origin was a motivating factor in the employment decision, which can be shown by alleging facts that directly show discrimination or facts that indirectly show discrimination by giving rise to a plausible inference of discrimination. In other words, absent direct evidence of

9

discrimination, to survive a motion to dismiss a claim of employment discrimination in violation of Title VII, a plaintiff must plausibly allege facts that would support a finding that she suffered an adverse employment action and has at least minimal support for the proposition that the employer was motivated by discriminatory intent.

Powell v. Delta Airlines, 145 F. Supp. 3d 189, 201 (E.D.N.Y. 2015) (internal citations, quotation marks, and alterations omitted).

As yet another court in this circuit has noted:

> In general, if bringing a hostile-work-environment claim, a plaintiff must show that a defendant's conduct (1) was 'objectively severe or pervasive,' (2) created an environment that was 'subjectively perceive[d] as hostile or abusive,' and (3) 'created such an environment because of the plaintiff's [protected characteristic].' Patane v. Clark, 508 F.3d 106, 113 (2d Cir. 2007). To survive a motion to dismiss, a plaintiff need only 'plead facts sufficient to support the conclusion that she was faced with harassment . . . of such quality or quantity that a reasonable employee would find the conditions of her employment altered for the worse.' Donahue v. Asia TV USA Ltd., 208 F. Supp. 3d 505, 514 (S.D.N.Y. 2016) (alterations in original) (quoting Patane, 508 F.3d at 113). Courts will look at 'the totality of the circumstances, including the frequency of the discriminatory conduct; its severity; whether it is physically threatening or humiliating, or a mere offensive utterance; and whether it unreasonably interferes with an employee's work performance.' Yan v. Ziba Mode Inc., No. 15-CV-47, 2016 WL 1276456, at *5 (S.D.N.Y. Mar. 29, 2016) (internal quotations omitted). 'While each of these elements is relevant to the inquiry, no single factor is required.' Dawson v. Cty. of Westchester, 373 F.3d 265, 272 (2d Cir. 2004) (internal quotations omitted).
>
> When analyzing severity, a court 'must distinguish between merely offensive or boorish conduct and conduct that is sufficiently severe as to alter the conditions of employment.' Lenart v. Coach Inc., 131 F. Supp. 3d 61, 66 (S.D.N.Y. 2015). Similarly, when analyzing pervasiveness, a court will evaluate whether 'the incidents complained of [were] more than episodic.' Littlejohn v. City of New York, 795 F.3d 297, 321 (2d Cir. 2015). 'In other words, a plaintiff must show either that a single incident was extraordinarily severe, or that a series of incidents were sufficiently continuous and concerted

>to have altered the conditions of her working environment.' Yan, 2016 WL 1276456 at *5 (internal quotations omitted).

Alvarado v. Mount Pleasant Cottage Sch. Dist., No. 18-CV-494, 2019 WL 4039149, at *9 (S.D.N.Y. Aug. 27, 2019).[1]

Here, Plaintiff has not established she was plausibly exposed to a hostile-work environment because of her race or gender. Although co-workers may have made inappropriate statements to Plaintiff regarding her race or gender, Compl. ¶ 21, Plaintiff does not identify which co-workers made such statements or clarify whether those statements "were sufficiently continuous and concerted to have altered the conditions of [her] employment." See Alvarado, 2019 WL 4039149, at *9 (quoting Yan v. Ziba Mode Inc., No. 15-CV-47, 2016 WL 1276456, at *5 (S.D.N.Y. Mar. 29, 2016) (internal quotations omitted)). Thus, as in a previous case decided by this Court, "[t]he Court is not convinced these allegations reflect nothing more than 'offensive utterances and remarks that seemingly and understandably engendered offensive feelings in Plaintiff,' but which do not meet the standard for a hostile-work-environment claim." See Buczakowski v. Crouse Health Hosp., Inc., No. 18-CV-330, 2019 WL 6330206, at *7 n.9 (N.D.N.Y. Nov. 26, 2019) (Kahn, J.) (quoting Alvarado, 2019 WL 4039149, at *10). Plaintiff has not pled any additional facts to establish she was exposed to a hostile-work environment, let alone that exposure to such an environment was motivated by Plaintiff's race or gender.

While Plaintiff avers that Defendants terminated her employment as a correction officer for possessing a cell phone within the Montgomery Cty. C. F., she does not plead facts

---

[1] While the standard articulated in Alvarado pertains to hostile-work-environment claims brought under Title VII, that standard also applies to such claims brought under the NYSHRL. See, e.g., Woods v. Enlarged City Sch. Dist., 473 F. Supp. 2d 498 n.1 (S.D.N.Y. 2007).

suggesting Defendants were motivated to terminate Plaintiff because of her race or gender. See Khaleel v. Swissport USA, Inc., No. 15-CV-4880, 2015 WL 5307733, at *2 (E.D.N.Y. Sept. 10, 2015) ("Even under the most liberal interpretation of [the plaintiff's] complaint, he provides no facts that could possibly connect or link any adverse employment action to a protected status." (citing, inter alia, Littlejohn v. City of New York, 795 F.3d 297, 311 (2d Cir. 2015)).

Additionally, Plaintiff has not shown her disability was a motivating factor behind the hostile-work environment and termination she allegedly suffered. To successfully allege violations of the NYSHRL based upon disability discrimination, Plaintiff "must show that [] she suffers from a disability and that the disability engendered the behavior for which [] she was discriminated against in the terms, conditions, or privileges of [] her employment." Ruane-Wilkens v. Bd. of Educ. of City of New York, 868 N.Y.S.2d 112, 113 (2008) (App. Div.). Plaintiff's disability discrimination claim must fail because she alleges, without further elaboration, that she is "a person with a disability." Compl. ¶ 15. Such a conclusory allegation is insufficient to support her claims. Iqbal, 556 U.S. at 678 ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." citing Twombly, 550 U.S. at 555)). And even if Plaintiff had sufficiently established she is in fact disabled for the purposes of the NYSHRL, her claim would still founder because Plaintiff has not averred facts suggesting Defendants were motivated to subject Plaintiff to a hostile-work environment or to terminate Plaintiff because of a disability. See Haynes v. Capital One Bank, No. 14-CV-6551, 2015 WL 2213726, at *2 (E.D.N.Y. May 8, 2015) ("[A]lthough Haynes indicates that she was discriminated against on the basis of her race, she does not state what race she is. Further, aside from one ambiguous remark made by her branch manager, in which she stated that 'this is why I

don't hire her kind,' Haynes fails to allege any facts that suggest her termination or any other adverse employment actions were connected to her race.")

In sum, the Court must dismiss Plaintiff's discrimination claims under the NYSHRL for failing to state a claim.[2]

### E. Retaliation Claims Under the NYSHRL

"To state a retaliation claim under the NYSHRL, a plaintiff must allege that: '(1) she engaged in protected activity; (2) the employer was aware of that activity; (3) the employee suffered a materially adverse action; and (4) there was a causal connection between the protected activity and that adverse action.'" Wermann v. Excel Dentistry, P.C., No. 13-CV-7028, 2014 WL 846723, at *3 (S.D.N.Y. Feb. 25, 2014) (quoting Giudice v. Red Robin Int'l, Inc., 555 F. App'x 67, 68 (2d Cir. 2014)). "In this Circuit, a plaintiff can indirectly establish a causal connection to support a discrimination or retaliation claim by showing that the protected activity was closely followed in time by the adverse [employment] action." Gorman-Bakos v. Cornell Co-op Extension of Schenectady Cty., 252 F.3d 545, 554 (2d Cir. 2001) (internal quotation marks omitted).

Plaintiff alleges, without more, that Defendants terminated her position in 2017 in retaliation for her internal complaints[3] regarding the discrimination she faced while employed at

---

[2] The Court need not reach Defendants' alternative arguments for dismissal, namely that Cramer is not subject to the NYSHRL and that any claims of discrimination occurring before August 8, 2015 are time-barred. Defs.' Mem. at 9–11.

[3] While Plaintiff does not clarify when she made these complaints beyond "early in her tenure" at the Montgomery Cty. C. F., Compl. ¶ 23, the Court surmises such complaints were made prior to 2010 when Plaintiff filed formal complaints of discrimination with the EEOC and NYSDHR.

13

the Montgomery Cty. C. F. and her 2010 Complaints to the EEOC and SDHR about the same episodes of discrimination. Compl. ¶ 35. However, even assuming Plaintiff has adequately pled she suffered adverse action through her termination and engaged in protected activities through making her complaints, a six- or more-year gap between the alleged adverse action and protected activities cannot establish the causal nexus required for Plaintiff's retaliation claims to proceed. See Fox v. Nat'l R.R. Passenger Corp. (Amtrak), No. 06-CV-1135, 2009 WL 425806, at *8 (N.D.N.Y. Feb. 19, 2009) (Kahn, J.) (citing Hollander v. American Cyanamid Co., 895 F.2d 80, 85–86 (2d Cir. 1990)) (finding an eight-month lag "between the most recent protected action (the filing of the complaint) and the alleged retaliatory act . . . too long to suggest a causal connection, without more evidence of retaliatory animus"), adhered to on reconsideration sub nom. Fox v. Nat'l R.R. Passenger Corp., No. 06-CV-1135, 2009 WL 656406 (N.D.N.Y. Mar. 11, 2009) (Kahn, J.), aff'd sub nom. Fox v. Nat'l R.R. Passenger Corp., 370 F. App'x 156 (2d Cir. 2010). Hence, the Court must dismiss Plaintiff's retaliation claims for failing to state a claim.

### F. Malicious Prosecution Claims Under the Fourth and Fourteenth Amendments and New York State Law

"A plaintiff who brings a federal malicious prosecution claim must allege all the elements of malicious prosecution under state law." Oxman v. Downs, 999 F. Supp. 2d 404, 412 (E.D.N.Y. 2014) (citing Fulton v. Robinson, 289 F.3d 188, 195 (2d Cir. 2002)); Janetka v. Dabe, 892 F.2d 187, 189 (2d Cir. 1989)). "Under New York law, Plaintiff must prove four elements to establish a claim for malicious prosecution: (1) the initiation of a proceeding, (2) termination of said proceeding favorably to the plaintiff, (3) lack of probable cause, and (4) malice . . . . Where a Fourth Amendment violation is asserted, the plaintiff must also plead some deprivation of liberty

consistent with the concept of seizure." Folk v. City of New York, 243 F. Supp. 3d 363, 373 (E.D.N.Y. 2017) (internal citations and quotation marks omitted).

Defendants argue Plaintiff has failed to adequately plead facts supporting the second, third, and fourth elements of a malicious prosecution claim. Defs.' Mem. at 18–20. The Court agrees.

Plaintiff has insufficiently alleged facts supporting favorable termination. Under § 1983, a plaintiff must plead facts plausibly suggesting her "'prosecution terminated in some manner indicating that the person was not guilty of the offense charged,' based on the 'merits' rather than 'on any number of procedural or jurisdictional grounds.'" Rosario v. City of New York, No. 18-CV-4023, 2019 WL 4450685, at *4 (S.D.N.Y. Sept. 16, 2019) (quoting Lanning v. City of Glens Falls, 908 F.3d 19, 28 (2d Cir. 2018)). New York State law requires a "lesser showing" of favorable termination, namely "that 'the trial court's reasons for dismissing the charges are not inconsistent with . . . innocence.'" Butler v. Sampognaro, No. 18-CV-545, 2019 WL 3716595, at *4 (D. Conn. Aug. 7, 2019) (quoting Lanning, 908 F.3d at 27); see also Rosario, 2019 WL 4450685, at *8. In Lanning, the Second Circuit upheld the dismissal of a § 1983 malicious-prosecution claim because the plaintiff had made a "vague allegation" that the charges against him "'were dismissed' at some point after a jury trial, without specifying how or on what grounds." 908 F.3d at 28. Here, Plaintiff makes a similarly conclusory allegation that "[t]he dismissal of the charge" for promoting prison contraband in the second degree "was a favorable termination." See Compl. ¶ 48.

Regarding lack of probable clause, Plaintiff "baldly assert[s] [D]efendants prosecuted [her] without probable cause." See Parkash v. Town of Se., No. 10-CV-8098, 2011 WL 5142669,

15

at *4 (S.D.N.Y. Sept. 30, 2011) (citing Iqbal, 556 U.S. at 679–80), aff'd, 468 F. App'x 80 (2d Cir. 2012); Compl. ¶ 43 ("Defendants lacked probable cause to believe that on May 16, 2016, Ms. Facci-Brahler had introduced contraband into the facility."). As in Dava v. City of New York, "Plaintiff's failure to plead facts—rather than conclusory allegations—sufficient to establish a lack of probable cause dooms [her] malicious prosecution claim." See No. 15-CV-8575, 2016 WL 4532203, at *6 (S.D.N.Y. Aug. 29, 2016).

Finally, Plaintiff has inadequately pled Defendants acted with malice in prosecuting Plaintiff for promoting prison contraband in the second degree. "To plead a malicious prosecution claim, Plaintiff must also allege malice for each of the Defendants. Malice may be shown by proving that the prosecution complained of was undertaken from improper or wrongful motives, or in reckless disregard of the rights of the plaintiff." Ying Li v. City of New York, 246 F. Supp. 3d 578, 614 (E.D.N.Y. 2017) (internal citation, quotation marks, and alterations omitted). Plaintiff argues that she has sufficiently averred Defendants acted with malice since "the Complaint alleges that Plaintiff was singled out by Defendants as the sole correction officer or employee to ever be criminally charged and prosecuted for allegedly possessing a cell phone in [the Montgomery Cty. C. F.], although it was common knowledge that many other officers brought cell phones into the facility on a regular basis." Pl.'s Resp. at 15. But, as discussed within the context of Plaintiff's equal-protection claims, Plaintiff has not specifically identified any other correction officers or employees who were treated differently than Plaintiff. While Plaintiff cites to twenty-five paragraphs of her Complaint to support her contention that Defendants acted with malice, none of the citations (individually or collectively) plausibly

16

suggest Defendants "*specifically* . . . acted with malice." See Nieves v. Cty. of Monroe, 761 F. Supp. 2d 48, 52 (W.D.N.Y. 2011) (emphasis in original).

In sum, the Court must dismiss Plaintiff's malicious-prosecution claims.[4]

**G. Due-Process Claims Under the Fifth and Fourteenth Amendments**

As an initial matter, "[t]he Fifth Amendment's Due Process Clause protects citizens against only federal government actors, not State officials." Mitchell v. Home, 377 F. Supp. 2d 361, 372 (S.D.N.Y. 2005) (citing Dusenbery v. United States, 534 U.S. 161, 167 (2002)). Since Defendants are state—not federal—actors, Plaintiffs' due-process claims under the Fifth Amendment are dismissed.

Under the Due Process Clause of the Fourteenth Amendment, no state shall "deprive any person of life, liberty, or property, without due process of law." U.S. Const. amend. XIV. As noted by another court in this district:

> The Due Process Clause of the Fourteenth Amendment contains both a procedural and substantive component. Zinernon v. Burch, 494 U.S. 113, 125, 110 S.Ct. 975, 983 (1990). The procedural component bars 'the deprivation by state action of a constitutionally protected interest in 'life, liberty, or property' . . . *without due process of law*.' Id. (emphasis in original). The substantive component 'bars certain arbitrary, wrongful government actions regardless of the fairness of the procedures used to implement them.' Id.

Rotundo v. Vill. of Yorkville, No. 09-CV-1262, 2011 WL 838892, at *7 (N.D.N.Y. Mar. 4, 2011).

---

[4] The Court need not reach Defendants' alternative arguments for dismissal, namely that Plaintiff's malicious-prosecution claims under Art. I., § 6 of the New York State Constitution and New York State common law are time barred and that defendants are entitled to qualified immunity. Defs.' Mem. at 17, 20–22.

17

Plaintiff claims she has a "property interest in her continued public employment as a correction officer . . . ." Pl.'s Resp. at 23.

"A procedural due process inquiry entails two inquiries: 1) whether there [was] a constitutionally protected property interest; and 2) whether the process afforded was adequate." Rotundo, 2011 WL 838892, at *8. Plaintiff's "constitutional claim depends on [her] having had a property right in continued employment . . . . Property interests are not created by the Constitution, they are created and their dimensions are defined by existing rules or understandings that stem from an independent source such as state law." Coles v. Erie Cty., 629 F. App'x 41, 42 (2d Cir. 2015) (internal quotation marks omitted) (quoting Cleveland Bd. of Educ. v. Loudermill, 470 U.S. 532, 538 (1985)). "In the employment context, the interest [in continued employment] is typically established by showing that under the provisions of a statute or collective bargaining agreement, the employee cannot be terminated or demoted without a hearing." Rotundo, 2011 WL 838892, at *8 (citing Ciambriello v. Cty. of Nassau, 292 F.3d 307, 313–14 (2d Cir. 2002)). Since Plaintiff "fails to point to a contract or statute that would have conferred a protected property interest in her position," she has not sufficiently alleged a constitutionally protected property interest. See Blan v. Correct Care Sols., LLC, No. 17-CV-182, 2017 WL 8640634, at *3 (D. N.M. Dec. 11, 2017). Accordingly, the Court must dismiss Plaintiff's procedural due-process claim.

"To establish that defendants violated plaintiff's substantive due process rights, the Court must first inquire 'whether a constitutionally cognizable property interest is at stake.'" Scaccia v. Stamp, 700 F. Supp. 2d 219, 235 (N.D.N.Y. 2010) (quoting Villager Pond, Inc. v. Town of Darien, 56 F.3d 375, 378 (2d Cir. 1995)), aff'd, 447 F. App'x 267 (2d Cir. 2012). Second, the

18

Court must determine whether Defendants "acted in an arbitrary or irrational manner in depriving [Plaintiff] of that property interest." Rotundo, 2011 WL 838892, at *9.

As another court in this circuit has observed:

> 'The Second Circuit has never articulated a fundamental interest in public employment giving rise to substantive due process protection,' see, e.g., Mathirampuzha v. Potter, No. 8-CV-682, 2010 WL 55061 *9 (D. Conn. Jan. 4, 2010), and other courts have explicitly declared that there is no such interest. See, e.g., Nicholas v. Pa. State Univ., 227 F.3d 133, 142 (3d Cir. 2000) (joining the 'great majority of courts of appeals' in holding that 'tenured public employment' is not a 'fundamental property interest entitled to substantive due process protection[']); McKinney v. Pate, 20 F.3d 1550, 1553, 1560 (11th Cir. 1994) (en banc) (state-created property interest in employment does not give rise to substantive due process claim).

Nichik v. New York City Transit Auth., No. 10-CV-5260, 2013 WL 142372, at *12 (E.D.N.Y. Jan. 11, 2013). Because, similar to the plaintiff in Rotundo, "Plaintiff has not alleged any constitutionally protected property or liberty interest other than [her] continued public employment" as a correction officer, the Court must dismiss Plaintiff's substantive due-process claim. See Rotundo, 2011 WL 838892, at *10.

### H. Negligence Claims

Plaintiff brings negligence claims against the County and Amato. Compl. ¶¶ 82–83. Plaintiff fails to clarify on what grounds the County and Amato may have acted negligently. "To the extent that plaintiff is alleging an alternate theory of liability for . . . prosecution sounding in negligence, New York does not provide a cause of action under such a theory. A plaintiff may seek recovery only through the traditional tort remedies of false arrest, false imprisonment and malicious prosecution." Rheingold v. Harrison Town Police Dep't, 568 F. Supp. 2d 384, 396 n.3 (S.D.N.Y. 2008) (citing Bernard v. United States, 25 F.3d 98, 102 (2d Cir. 1994)). Plaintiff's

negligence claims are therefore dismissed. See Davis v. United States, No. 03-CV-1800, 2004 WL 324880, at *11 (S.D.N.Y. Feb. 19, 2004) (dismissing a plaintiff's negligence claim on the pleadings because the "proper manner" to challenge the conduct at issue "is through claims of false arrest and malicious prosecution").[5]

## V. CONCLUSION

Accordingly, it is hereby:

**ORDERED**, that Defendants' Motion to Dismiss (Dkt. No. 9) is **GRANTED**; and it is further

**ORDERED**, that Plaintiff may replead her claims within **sixty days** of the date of this Memorandum-Decision and Order; and it is further

**ORDERED**, that the Clerk of the Court serve a copy of this Memorandum-Decision and Order on all parties in accordance with the Local Rules.

**IT IS SO ORDERED.**

DATED:    January 22, 2020
         Albany, New York

_____
Lawrence E. Kahn
U.S. District Judge

---

[5] The Court need not reach Defendants' argument for dismissal, namely that Plaintiff's negligence claims are time barred. Defs.' Mem. at 22–23.