UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

CHRISTINA L. FACCI-BRAHLER,

                Plaintiff,

   -against-                                       1:18-CV-0941 (LEK/ATB)

MONTGOMERY COUNTY, *et al.*,

                Defendants.

## MEMORANDUM-DECISION AND ORDER

**I.    INTRODUCTION**

Plaintiff Christina Facci-Brahler brings this civil rights action pursuant to 42 U.S.C. § 1983 and state law against Montgomery County (the "County"), County Sheriff Michael J. Amato, and Under Sheriff Justin Cramer (collectively, "Defendants"). Dkt. Nos. 1 ("Complaint") ¶¶ 1, 10–11; 21 ("Amended Complaint") ¶¶ 1, 13–14. Plaintiff amended her Complaint following an order by this Court granting Defendants' earlier motion to dismiss and allowing Plaintiff to replead her claims. See generally Am. Compl.; see also Dkt. No. 18 ("January 2020 Order") at 20. Presently before the Court is Defendants' motion to dismiss the Amended Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted. Dkt. Nos. 22 ("Motion to Dismiss"); 22-10 ("Defendants' Memorandum of Law"). Plaintiff opposes Defendants' Motion to Dismiss, and Defendants have filed a reply. Dkt. Nos. 26 ("Plaintiff's Response"); 27 ("Defendants' Reply"). For the following reasons, the Motion to Dismiss is granted in part and denied in part.

## II. BACKGROUND

The Court detailed Plaintiff's factual allegations in its January 2020 Order, familiarity with which is assumed. Jan. 2020 Order at 2–4. In short, Plaintiff, a former Correction Officer at the Montgomery County Correctional Facility ("M.C.C.F.") who identifies as African-American and Puerto Rican, alleges that she was singled out for harsh discipline for bringing her cell phone to work, a commonplace violation of workplace rules, on account of her race and other impermissible factors. See id.

In her Amended Complaint, Plaintiff newly identifies Stephanie Crewell—a "white," "non-Latino" woman found with a phone "in or around June 2015"—as one of the "many other Correction Officers, officials, and other employees" of the County who had brought their personal cell phones into M.C.C.F. Am. Compl. ¶¶ 7–8. Crewell, who unlike Plaintiff had never filed a formal discrimination complaint against the Sheriff's Department or the County, faced only a written warning for possessing her phone in the facility. Id. Plaintiff, on the other hand, was arrested, prosecuted, and terminated, allegedly for the same offense. Id. ¶¶ 8, 10.

On amendment, Plaintiff asserts equal protection claims under the Fourteenth Amendment of the United States Constitution and Art. I, § 11 of the New York State Constitution; discrimination and retaliation claims under the New York State Human Rights Law, N.Y. Executive Law § 296 ("NYSHRL"); and malicious prosecution claims under the Fourth and Fourteenth Amendments of the United States Constitution, Art. I, § 6 of the New York State Constitution, and common law. Id. ¶¶ 73–85.

## III. LEGAL STANDARD

To survive a motion to dismiss under Rule 12(b)(6), "a complaint must contain sufficient factual matter . . . 'to state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556

U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). The plausibility standard "asks for more than a sheer possibility that a defendant has acted unlawfully." Id. at 678 (citing Twombly, 550 U.S. at 556). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. Put another way, a claim is plausible if it is supported by "enough fact[s] to raise a reasonable expectation that discovery will reveal evidence of [the alleged misconduct]." Twombly, 550 U.S. at 556. In assessing whether this standard has been met, courts "must accept all allegations in the complaint as true and draw all inferences in the light most favorable to the non-moving party[] . . . ." In re NYSE Specialists Sec. Litig., 503 F.3d 89, 95 (2d Cir. 2007) (internal citation omitted).

IV. DISCUSSION[1]

A. Discrimination Claims Under the Fourteenth Amendment and State Law

Defendants seek to dismiss Plaintiff's discrimination claims on the ground that Plaintiff has not pled facts that give rise to an inference of purposeful discrimination, arguing that Plaintiff's allegations are "threadbare" and "conclusory." See Defs.' Mem. of Law at 7, 9. The Court disagrees.

---

[1] Defendants include extrinsic evidence in their Motion to Dismiss in the form of an affidavit and documentary evidence. Dkt. Nos. 22-2 to 22-9. Defendants proffer this evidence to support a probable cause defense to Plaintiff's claim of malicious prosecution. Only three of the documents—Dkt. Nos. 22-2, 22-3, and 22-4—contain information that might prove outcome-determinative were this evidence to be considered. Dkt. Nos. 22-2; 22-3; 22-4. But the Complaint seems to lack the sort of reliance upon, or clear, definite, and substantial reference to, this evidence that would permit the Court to consider these documents at the 12(b)(6) stage. See Chambers v. Time Warner, Inc., 282 F.3d 147, 153 (2d Cir. 2002) (internal quotation marks omitted); Madu, Edozie & Madu, P.C. v. SocketWorks Ltd. Nigeria, 265 F.R.D. 106, 123 (S.D.N.Y. 2010). In any event, because the Court dismisses Plaintiff's federal malicious prosecution claim on the merits for reasons unrelated to probable cause and her state malicious prosecution claims on statute of limitations grounds, see infra, the Court need not address whether it may consider these documents.

For Plaintiff to state a claim under § 1983, "[she] must allege two elements: (1) the violation of a right secured by the Constitution and laws of the United States, and (2) the alleged deprivation was committed by a person acting under color of state law." Collymore v. New York, 767 Fed. App'x. 42, 45 (2d Cir. 2019) (citing Vega v. Hempstead Union Free Sch. Dist., 801 F.3d 72, 85 (2d Cir. 2015) (internal quotation marks omitted)). Once Plaintiff satisfies the § 1983 color-of-law requirement, her equal protection claim parallels her NYSHRL claim. See Collymore, 767 Fed. App'x. at 45 ("Once the color of law requirement is met, a plaintiff's equal protection claim parallels her Title VII claim[.]") (internal quotation marks and alterations omitted) (citing Vega, 801 F.3d at 88); Leopold v. Baccarat, Inc., 174 F.3d 261, 264 (2d Cir. 1999) ("New York courts require the same standard for claims brought under the NY[S]HRL as for those brought under Title VII."); Sutter v. DiBello, No. 18-CV-817, 2021 U.S. Dist. LEXIS 46312, at *59 (E.D.N.Y. Mar. 10, 2021) ("Employment discrimination claims pursuant to Title VII, Section 1983 and the NYSHRL are evaluated under essentially the same substantive standards.").

"To state a discrimination claim under the Fourteenth Amendment Equal Protection Clause, . . . plaintiff[] must sufficiently allege that defendants acted with discriminatory intent." Sutter, 2021 U.S. Dist. LEXIS 46312, at *60 (alteration omitted) (quoting Burgis v. N.Y.C. Dep't of Sanitation, 798 F.3d 63, 68 (2d Cir. 2015)). Where, as in the instant case, direct evidence of discrimination is lacking, "what must be plausibly supported by facts alleged in the complaint is that the plaintiff is a member of a protected class, was qualified, suffered an adverse employment action, and has at least minimal support for the proposition that the defendant acted with discriminatory intent." Id. (internal quotation marks omitted).

A plaintiff can "raise an inference of discrimination by demonstrating the disparate treatment of at least one similarly situated employee outside [her] protected group and sufficient facts from which it may reasonably be inferred that 'the plaintiff's and comparator's circumstances . . . bear a reasonably close resemblance.'" Id. at *62 (quoting Hu v. City of New York, 927 F.3d 81, 96–97 (2d Cir. 2019)) (collecting cases). Employees are "similarly situated in all material respects when the plaintiff and the putative comparator were subject to the same workplace standards." Id. at *63–64 (quoting Donohue v. Madison, No. 13-CV-918, 2020 WL 4432661, at *3 (N.D.N.Y. July 31, 2020)). However, "[o]rdinarily, '[w]hether two employees are similarly situated . . . presents a question of fact,' rather than a legal question to be resolved on a motion to dismiss." Brown v. Daikan Am., Inc., 756 F.3d 219, 230 (2d Cir. 2019) (quoting Graham v. Long Island R.R., 230 F.3d 34, 39 (2d Cir. 2000)).

Plaintiff, who identifies as African-American and Puerto Rican, see Am. Compl. ¶ 2, alleges that she is "one of two non-white Correction Officers in the Montgomery County Correctional Facility" and "the only woman of color Correction Officer at the Facility," id. ¶ 23. She identifies Crewell[2]—a "white," "non-Latino" woman found with a phone "in or around June 2015"—as one of the "many other" M.C.C.F. employees who had impermissibly brought their cell phones into the facility. Id. ¶¶ 7–8. Crewell is a comparator "outside [Plaintiff's] protected group." See Sutter, 2021 U.S. Dist. LEXIS 46312, at *62 (quoting Hu, 927 F.3d at 96–97). Plaintiff plausibly alleges that her comparator engaged in relevantly similar conduct, namely bringing a phone into the facility, in violation of the same workplace rule. See id. at *63–64.

---

[2] Defendants assert that Crewell was a "civilian kitchen worker[,]" rather than a correction officer like Plaintiff. Defs.' Mem. of Law at 7. However, this allegation is not reflected in the Complaint, nor in Defendants' proffered documentary evidence, and is consequently ignored.

Nevertheless, Crewell received a mere "written warning," rather than being prosecuted and terminated. Am. Compl. ¶ 8. These allegations are sufficient at this stage to support a plausible inference of racially discriminatory intent.

Defendants argue that Cramer cannot be held individually liable for violations of the NYSHRL because he was "essentially carrying out decisions made by Sheriff Amato." See Defs.' Mem. of Law at 10 (citing Patrowich v. Chemical Bank, 63 N.Y.2d 541, 542 (1984)). Defendants contend that for Cramer to be subject to suit under the NYSHRL as an employer, Plaintiff would have to show his "ownership interest or any power to do more than carry out personnel decisions made by others." Id. (quoting Patrowich v. Chemical Bank, 63 N.Y.2d 541, 542 (1984)). Plaintiff counters, correctly, that § 296 provides that "[i]t shall be an unlawful discriminatory practice for any person to aid[ or] abet . . . the doing of any of the acts forbidden under this article[.]" Pl.'s Response at 22; N.Y. Exec. Law § 296(7). "[T]he NYSHRL permits individual liability of any person . . . regardless of whether the individual can be considered an employer." Perez v. Tuesday, No. 16-CV-795, 2016 U.S. Dist. LEXIS 93154, at *7–8 (N.D.N.Y. Jul. 14, 2016) (internal citation and quotation marks omitted). Specifically, an individual defendant is liable under the NYSHRL when he "actually participates in" an employer's conduct giving rise to a violation of the statute. Torres v. New York Methodist Hosp., No. 15-CV-1264, 2016 U.S. Dist. LEXIS 2365, at *38 (E.D.N.Y. Jan. 7, 2016) (citing Hozer v. Pratt Indus. (USA), No. 10-CV-3874, 2012 WL 2049498, at *1 n.1 (E.D.N.Y. June 6, 2012)) (internal quotation marks omitted). Cramer did so participate: he filed both the original and amended accusatory instruments in Glen Town Court, thus "commenc[ing] a criminal prosecution of [Plaintiff]," and as a direct result, "she was terminated from her employment as a Correction Officer." Am. Compl. ¶¶ 42, 47, 64.

6

Plaintiff thus states discrimination claims under § 1983 and, in turn, the NYSHRL, based on allegations that she was disciplined and terminated on the basis of her race.[3,4]

Plaintiff additionally asserts an equal protection claim under the New York Constitution. "The New York Court of Appeals has recognized that a plaintiff may bring [state] constitutional tort claims for damages independent of a common law cause of action. However, this action is a narrow remedy available only when there is no alternative remedy, such as actions at common law or under Section 1983." Edrei v. City of New York, 254 F. Supp. 3d 565, 583 (S.D.N.Y. 2017) (internal citations and quotation marks omitted), aff'd sub nom. Edrei v. Maguire, 892

---

[3] Plaintiff insinuates a variety of other discrimination theories in passing. For instance, she appears to assert that she was subjected to discrimination on the basis of disability and sex, see, e.g., Am. Compl. ¶¶ 9,31, and that she was subjected to a hostile work environment on various discriminatory bases, see id. ¶ 24. The Court does not address these alternative theories at this time, because Plaintiff need only state a claim based on one theory. See Croixland Properties Ltd. P'ship v. Corcoran, 174 F.3d 213, 218 (D.C. Cir. 1999) ("Under Federal Rule of Civil Procedure 8[(d)(2)], a complaint may contain alternative theories, and if one of the theories can survive a Rule 12(b)(6) motion, the district court cannot dismiss the complaint."); Tromblee v. The State of New York, No. 19-CV-638, 2021 WL 981847, at *10 (N.D.N.Y. Mar. 16, 2021) (noting that a hostile work environment is a theory of adverse action); Ahmed v. Mid-Columbia Med. Ctr., 673 F. Supp. 2d 1194, 1206 (D. Or. 2009) ("The Court notes Plaintiff's Claim Nine is . . . a single claim under [a state discrimination statute] based on three alternative theories of discrimination: race, national origin, and religion. Accordingly, Plaintiff can defeat summary judgment on Claim Nine if he raises an issue of fact as to any one of these three theories.").

[4] Defendants argue that Plaintiff has failed to serve a "notice of claim" upon Cramer, which Defendants argue is a procedural prerequisite to Plaintiff's discrimination and retaliation claims against him. Defs.' Mem. of Law at 10–11. To the extent that a notice of claim requirement applies, Plaintiff has satisfied it. Any "notice of claim against a county . . . for damages arising at law or in equity, alleged to have been caused . . . by [a] wrongful act on the part of the county, its officers, agents . . . or employees, must be . . . served in compliance with section fifty-e of the general municipal law[,]" N.Y. County § 52 (McKinney 2021), under which "[s]ervice of the notice of claim upon an officer, appointee or employee of a public corporation shall not be a condition precedent to the commencement of an action . . . against such person," N.Y. Gen. Mun. Law § 50-e (McKinney 2021). It is uncontested that Plaintiff served a notice of claim upon Defendants County and Amato, which would be sufficient to allow for the commencement of an action against Cramer.

7

F.3d 525 (2d Cir. 2018), cert. denied, 139 S. Ct. 2614 (2019). Because Plaintiff succeeds on her § 1983 and § 296 claims, Plaintiff cannot bring a state constitutional claim.

Accordingly, the Court denies Defendants' Motion as to Plaintiff's discrimination claims under § 1983 and the NYSHRL and grants the Motion as to Plaintiff's discrimination claim under the New York Constitution.

### B.  Retaliation Claims Under the NYSHRL

Defendants seek to dismiss Plaintiff's retaliation claims because "Plaintiff has failed to sufficiently allege an adverse employment action based on her protected activity or a causal connection between her 2010 New York State Division of Human Rights complaint and her 2016 arrest." See Defs.' Mem. of Law at 14. The Court disagrees.

"To state a retaliation claim under the NYSHRL, a plaintiff must allege that: '(1) she engaged in protected activity; (2) the employer was aware of that activity; (3) the employee suffered a materially adverse action; and (4) there was a causal connection between the protected activity and that adverse action.'" Wermann v. Excel Dentistry, P.C., No. 13-CV-7028, 2014 WL 846723, at *3 (S.D.N.Y. Feb. 25, 2014) (quoting Giudice v. Red Robin Int'l, Inc., 555 F. App'x 67, 68 (2d Cir. 2014)). "In this Circuit, a plaintiff can indirectly establish a causal connection to support a discrimination or retaliation claim by showing that the protected activity was closely followed in time by the adverse [employment] action." Gorman-Bakos v. Cornell Co-op Extension of Schenectady Cty., 252 F.3d 545, 554 (2d Cir. 2001) (internal quotation marks omitted). While a "substantial time lag between the protected activity and the adverse employment action" bodes poorly for a retaliation claim, Allen v. St. Cabrini Nursing Home, Inc., 198 F. Supp. 2d 442, 450 (S.D.N.Y. 2002), a plaintiff may prove causation, alternatively, "by showing . . . that other similarly situated employees were treated differently[.]" Id. (citing

Clarke v. City of New York, No. 98-CV-715, 2001 U.S. Dist. LEXIS 11136, at *18–19 (E.D.N.Y. Aug. 1, 2001)). Employees must be similarly "situated in all material respects." Watson v. Arts & Entm't TV Network, No. 04-CV-1932, 2008 U.S. Dist. LEXIS 24059, at *44 (S.D.N.Y. Mar. 26, 2008) (citing Graham, 230 F.3d at 39). In a case "involving disparate treatment with regard to discipline, the plaintiff must show that the conduct of the other employee was of comparable seriousness." Lucibello v. Yale-New Haven Hosp., No. 03-CV-0814, 2005 U.S. Dist. LEXIS 3604, at *15 (citing Padilla v. Harris, 285 F. Supp. 2d 263, 270 (D. Conn. 2003)).

Defendants concede that Plaintiff "engaged in protected activity in 2010 when she filed an administrative complaint of discrimination with the SDHR and Defendants were aware of such complaint," thus satisfying the protected activity and employer awareness prongs of the retaliation inquiry. See Defs.' Mem. of Law at 14. Furthermore, Plaintiff's termination clearly constitutes an adverse employment action. See Bader v. Special Metals Corp., 985 F. Supp. 2d 291, 306 (N.D.N.Y. 2013) (noting that "[a]dverse employment actions may include 'a termination of employment'") (quoting Patrolmen's Benevolent Ass'n v. City of New York, 310 F.3d 43, 51 (2d Cir. 2002)).

The Court also finds that Plaintiff has shown a causal connection between her protected activity and the adverse employment action, despite the lack of temporal proximity, for she sufficiently pleads that a "similarly situated employee"—her comparator Crewell—was "treated differently." See Allen, 198 F. Supp. 2d at 450 (citing Clarke, U.S. Dist. LEXIS 11136, at *18–19). Unlike Plaintiff, the comparator "had never filed a complaint against the Sheriff's Department or the County[.]" Am. Compl. ¶ 8. Plaintiff faced different treatment from her comparator, namely termination and prosecution, for the same act—possessing a phone inside

the Facility—while subject to the same prohibition against doing so. See id. ¶¶ 5, 8, 10–11. These allegations support a plausible inference that Plaintiff was more harshly disciplined because she engaged in protected activity.

Cramer is individually liable for retaliation under the NYHRL for the same reason he is individually liable for discrimination, see supra, namely that he "actually participate[d]" in his employer's conduct giving rise to the claim. See Torres, No. 15-CV-1264, 2016 U.S. Dist. LEXIS 2365, at *38 (citing Hozer, No. 10-CV-3874, 2012 WL 2049498, at *1 n.1) (internal quotation marks omitted).

Accordingly, the Court denies Defendants' Motion as to Plaintiff's retaliation claims.

### C. Malicious Prosecutions Claims Under the Fourth and Fourteenth Amendments

"A plaintiff who brings a federal malicious prosecution claim must allege all the elements of malicious prosecution under state law." Oxman v. Downs, 999 F. Supp. 2d 404, 412 (E.D.N.Y. 2014) (citing Fulton v. Robinson, 289 F.3d 188, 195 (2d Cir. 2002)); Janetka v. Dabe, 892 F.2d 187, 189 (2d Cir. 1989). "Under New York law, Plaintiff must prove four elements to establish a claim for malicious prosecution: (1) the initiation of a proceeding, (2) termination of said proceeding favorably to the plaintiff, (3) lack of probable cause, and (4) malice . . . . Where a Fourth Amendment violation is asserted, the plaintiff must also plead some deprivation of liberty consistent with the concept of seizure." Folk v. City of New York, 243 F. Supp. 3d 363, 373 (E.D.N.Y. 2017) (internal citations and quotation marks omitted).

Defendants argue Plaintiff has failed to adequately allege favorable termination. See Defs.' Mem. of Law at 14. The Court agrees. Under § 1983, a plaintiff must plead facts plausibly suggesting her "'prosecution terminated in some manner indicating that the person was not guilty of the offense charged,' based on the 'merits' rather than 'on any number of procedural or

jurisdictional grounds[,]'" Rosario v. City of New York, No. 18-CV-4023, 2019 WL 4450685, at *4 (S.D.N.Y. Sept. 16, 2019) (quoting Lanning v. City of Glens Falls, 908 F.3d 19, 28 (2d Cir. 2018)), and that "affirmatively indicate innocence," Lanning, 908 F.3d at 28. "No single type of disposition is necessary or sufficient, but the termination must be 'measured in objective terms by examining the totality of the circumstances.'" Rosario, 2019 WL 4450685, at *11 (quoting Lanning, 908 F.3d 19, 28).

There are many types of dismissals, not all of which are necessarily based on the criminal defendant's innocence. See, e.g., Lanning, 908 F.3d at 28 (noting that dismissal in the interest of justice does not necessarily indicate innocence); Sentementes v. Town of Bethel, No. 20-CV-580, 2020 U.S. Dist. LEXIS 187857, at *14–15 (D. Conn., Jan. 4, 2021) (noting that a *nolle prosequi* does not necessarily indicate innocence).

Plaintiff approaches the showing of termination on the merits through negation. She does not specify the circumstances surrounding dismissal, but rather alleges that, whatever the type of dismissal, it was not one "result[ing from] any agreement or compromise [with] . . . the prosecutor[,]" "based on any technical defect[,]" made "in the furtherance of justice[,]" or "based on a lack of jurisdiction." Am. Compl. ¶¶ 51, 54, 55. However, Plaintiff still leaves open the possibility of a handful of types of dismissal, such as a *nolle*, that do not in themselves affirmatively indicate innocence. See Sentementes, 2020 U.S. Dist. LEXIS 187857, at *14–15. If the charges were dismissed via a *nolle*, for instance, she would be required to plead additional facts indicating innocence. See id. In alleging neither the type of dismissal nor circumstantial facts affirmatively indicating innocence, Plaintiff fails to allege favorable termination.

Plaintiff thus fails to state any federal malicious prosecution claim.

### D. Malicious Prosecution Claims Under New York State Law[5]

Defendants correctly identify that Plaintiff's malicious prosecution claims under the New York State Constitution and the common law are time barred. Pursuant to CPLR §215(3), an action to recover damages for malicious prosecution in New York State must be commenced within one year. See N.Y. CPLR §215(3). Plaintiff alleges that the Glen Town Court dismissed the charge against her on May 18, 2017. Am. Compl. ¶ 50. This complaint was filed August 8, 2018. Docket. Her state law malicious prosecution claims under New York State law are thus time barred.

### V. CONCLUSION

Accordingly, it is hereby:

**ORDERED**, that Defendants' Motion to Dismiss (Dkt. No. 22) is **GRANTED in part and DENIED in part**. Plaintiff's state equal protection claim and her federal and state malicious prosecution claims are **DISMISSED without prejudice**. Plaintiff's discrimination claims under the federal equal protection clause and the NYSHRL, and her retaliation claims under the NYSHRL may proceed; and it is further

**ORDERED**, that the Clerk serve a copy of this Memorandum-Decision and Order on the parties in accordance with the Local Rules.

---

[5] Supplemental jurisdiction over a state claim exists where the "actions clearly derive from . . . a common nucleus of operative facts[.]" See Shahriar v. Smith & Wollensky Rest. Grp., Inc., 659 F.3d 234, 245 (2d Cir. 2011). Here, Plaintiff's employment relationship with Defendants "frames an overlapping or closely tied set of events[]" between her federal discrimination and state malicious prosecution claims (centering on the disciplinary process at issue), thus allowing the Court to exercise supplemental jurisdiction over the latter. See Shearon v. Comfort Tech Mech. Co., No. 12-CV-96, 2014 U.S. Dist. LEXIS 44888, at *10–13 (E.D.N.Y. Mar. 31, 2014) (citing Treglia v. Town of Manlius, 313 F.3d 713, 722–23 (2d Cir. 2002); Nicholsen v. Feeding Tree Style, Inc., 12-CV-6236, 2014 U.S. Dist. LEXIS 14935, at *2–4 (S.D.N.Y. Feb. 6, 2014)).

**IT IS SO ORDERED.**

DATED:	March 31, 2021
	Albany, New York

_____
Lawrence E. Kahn
Senior U.S. District Judge